UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN EDWARD BELL, DDS** | Civil Action No. 3:16-cv-08006 BRM-DEA |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| **CROWN LIFE INSURANCE CO., et al.** | |
| Defendants. | |

This matter comes before the Court on a Motion by Plaintiff John Edward Bell, DDS, ("Bell") for Leave to File an Amended Complaint. ECF No. 14. Defendants oppose Plaintiff's Motion. ECF No. 15. The Court has fully reviewed the submissions of the parties and considers same without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED.**

## I. BACKGROUND[1]

In 1990, Plaintiff, a dentist, purchased an individual disability income insurance policy from Defendant Crown Life Insurance Co. ("Crown Life"), of Canada. ECF No. 1 at p. 2. Plaintiff made regular, biannual premium payments for that policy from 1990 through mid-2011. Id. at p. 3. In late 2010, Plaintiff began to experience vision problems that eventually made the continued practice of dentistry impracticable. Id. at p. 5-7. As a result, Plaintiff filed a claim for disability with Defendant Crown Life, which in 1998 had been acquired by Defendant Canada Life Assurance Co. ("Canada Life"). Id. at 7. After evaluation of the claim documents, including

---

[1] The following facts are taken from Dr. Bell's Complaint and assumed true for purposes of this Memorandum and Order.

1

an ophthalmologist's conclusion that Dr. Bell was unable to continue the practice of dentistry, Defendants approved Dr. Bell's claim for total disability by letter dated March 5, 2011 and began issuing benefits. Id. at 8. The policy provides a monthly benefit of $4,900 and has two definitions of disability, one governing a claimant under the age of 65 and a slightly different definition governing claimants older than 65 or who had received payments for more than five consecutive years. Id. at 3. Under the age of 65, disability is defined as "unable, due to injury or sickness to engage in the material and substantial duties of *Your regular occupation*," while the over-65 definition is "unable, due to Injury or Sickness, to perform in *any gainful occupation*. Any gainful occupation means work for which You are reasonably suited by Your education, training and experience." Id. (*emphasis added*). Dr. Bell turned 65 in August 2015. Id. at 9. At some point, a Canada Life nurse "issued a Medical Review Specialist Report suggesting that 'Dr. Bell could likely return to work in a profession other that [sic] patient care dentistry.'" Id. After Dr. Bell turned sixty-five, "Defendants performed an Occupational Review in November 2015 which suggested vocational alternatives for Dr. Bell." Id. Plaintiff's claim was denied on December 9, 2015, with benefits last being paid in January 2016. Id. at 9-10. Plaintiff contends this review "did not consider that Dr. Bell has no visual ability to use a computer or to read any lengthy material and retain the information he reads." Id. at 9.

Plaintiff appealed in July 2016, submitting documents that included medical records updated through May 2016. Id. "From July 2016 to the present, nearly five months later, Defendant Canada Life has simply issued monthly form letters indicating that the claim is still under review." Id. Plaintiff filed his Complaint in October 2016. Defendants filed an Answer in January 2017. ECF No. 4. In June 2018, Plaintiff filed the instant Motion seeking Leave to File an Amended Complaint. ECF No. 14. Defendants oppose the motion. ECF No. 15.

## II. LEGAL STANDARD

A party may amend its pleading once as a matter of right within either (1) twenty-one days of serving it; or (2) where the pleading is one to which a responsive pleading is required, the earlier of twenty-one days following service of the responsive pleading or a motion to dismiss. Fed. R. Civ. P. 15(a)(1). Once those deadlines have expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant leave to amend rests within the sound discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: "(1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment." *See* Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

Plaintiff seeks to amend the Complaint to add two main elements. First, Plaintiff proposes adding allegations in Count Two, which presently states, "Defendants have violated the public policy of the State of New Jersey, as enunciated in the New Jersey Unfair Claim Settlement Practice Act." ECF No. 14. In the proposed Amended Complaint, that allegation in paragraph 89 would be followed by a new paragraph 90, matching allegations of Defendants' acts to specific language from various provisions of that New Jersey statute. For instance, Plaintiff seeks to add the allegation that Defendants "[m]isrepresented pertinent facts and insurance policy provisions relating to Dr. Bell's coverage by, for example, failing to inform Dr. Bell of the impact the incurred date of disability would have on his future benefits, by failing to

notify Dr. Bell of the change in the definition before denying the claim. N.J.R.S. § 17B:30-13.1(a)." Id. Pursuant to § 17B:30-13.1(a), an unfair claim-settlement practice includes: "Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue." In sum, the proposed Amended Complaint would add five allegations of acts along with language from the New Jersey Unfair Claim Settlement Practice Act defining those acts as an unfair claim settlement practice. Id.

Secondly, a new paragraph 91 states, "On June 7, 2018, the New Jersey Senate passed the New Jersey Insurance Fair Conduct Act, which establishes a private cause of action for claimants whose insurance claims are (1) unreasonably delayed or denied; or (2) administered in violation of the New Jersey Unfair Claims Settlement Practices Act. The bill is further evidence of the unlawfulness of Defendant's conduct." Id.

An Answer to the Complaint having been filed in January 2017, Plaintiff can not timely file an Amended Complaint as of right pursuant to Fed. R. Civ. P. 15(a). Thus, Plaintiff requires either Defendants' consent or this Court's leave to amend the Complaint.

Plaintiff says the proposed additions are intended "primarily to elaborate on arguments in support of his bad faith claim, including allegations about the public policy of the State of New Jersey, and to preserve argument in the event of appellate proceedings given the recent passage of a bill in the New Jersey State Senate addressing insurer bad faith claims handling." Plaintiff further contends the Motion satisfies the Great Western factors mentioned above. First, Plaintiff says the timing of the Motion does not constitute undue delay because it was filed so soon on the heels of the Senate's unexpected passage of the New Jersey Insurance Fair Conduct Act that "counteract[s] precedent of the New Jersey Supreme Court foreclosing an implied private right of action under the New Jersey Fair Claims Settlement Practices Act." See Pl.'s Br. in Supp. of

4

Mot. to Amend Compl. at 7. Second, Plaintiff says the Amended Complaint would not cause unfair prejudice to Defendants because it "merely elaborates on an existing claim" and as such would not require, among other things, the expending of added resources for discovery. Id. at 7-8. Third, Plaintiff asserts the Motion "is neither intended to delay litigation nor motivated by bad faith." Id. at 8-9. Finally, Plaintiff contends the Motion is "not futile because the amendment seeks to bolster an existing bad faith claim and is supported by the public policy of the State of New Jersey and impending changes to New Jersey's bad faith law." Id. at 9-10.

Defendants object, focusing primarily on the proposed addition of a new paragraph 91 referencing the New Jersey Insurance Fair Conduct Act. Defendants contend Plaintiff has no standing to bring such allegations because the New Jersey Insurance Fair Conduct Act is, at this point, a bill, and not a duly enacted law of the State of New Jersey. See Def.'s Br. in Opp. to Mot. to Amend Compl. at 1. Defendants also object to the allegations in the proposed paragraph 90, based on the New Jersey Unfair Claim Settlement Practice Act, as untimely because that statute was enacted in 2013 and thus Plaintiff had ample time and notice to include such claims in the original Complaint. Id.

The Court's examination begins with the premise admitted by Plaintiff and argued by Defendants, namely that the New Jersey Insurance Fair Conduct Act referenced in paragraph 91 of the proposed Amended Complaint is not yet a law. Since a bill does not become a law until it is passed by both houses of the New Jersey Legislature and is signed by the Governor, a purported violation of a bill can not state a claim for which relief can be granted. As such, Defendant urges, allowing the addition of paragraph 91 to the Complaint would be futile.

Futility means "the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).

It is well established in New Jersey that "every contract imposes on each party the duty of good faith and fair dealing in its performance and its enforcement." Pickett v. Lloyd's, 131 N.J. 457, 467, 621 A.2d 445, 450 (1993), (*citing* Onderdonk v. Presbyterian Homes, 85 N.J. 171, 182, 425 *A*.2d 1057 (1981); Bak–A–Lum Corp. v. Alcoa Bldg. Prods., Inc., 69 N.J. 123, 129–30, 351 *A*.2d 349 (1976); Palisades Properties, Inc. v. Brunetti, 44 N.J. 117, 130, 207 *A*.2d 522 (1965)). Thus, New Jersey does recognize a private cause of action for bad faith claims in the context of insurance contracts, an action that "sounds more in contract than in tort." Lloyd's, 131 N.J. at 474. But here, Plaintiff seeks to define bad faith via reference to a bill that has not been enacted into law. This raises two issues. First, because the bill has not been passed by both houses of the Legislature, it can not be said that the bill represents the considered public policy of the state of New Jersey, as alleged by Plaintiff. Second, because the Bill has not been fully enacted, any allegations based on purported violations of said legislation can not state a claim upon with relief could be granted. Thus, the proposed paragraph 91 would be futile as defined by Shane v. Fauver.

The Court now turns its attention to the other addition from the proposed Amended Complaint—paragraph 90. Plaintiff seeks to add five factual allegations of acts it says evidence Count Two's bad faith claims and to tie those allegations to corresponding provisions of New Jersey's Unfair Claims Settlement Practices Act, N.J.S.A. § 17:29B-1 *et seq.* For instance, Plaintiff seeks to add the allegation that Defendants "[m]isrepresented pertinent facts and insurance policy provisions relating to Dr. Bell's coverage by, for example, failing to inform Dr. Bell of the impact the incurred date of disability would have on his future benefits, by failing to notify Dr. Bell of the change in the definition before denying the claim. N.J.R.S. § 17B:30-

13.1(a)." Id. Pursuant to § 17B:30-13.1(a), an unfair claim-settlement practice includes: "Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue."

Again, the Court begins with the premise stated above that in New Jersey "every contract imposes on each party the duty of good faith and fair dealing in its performance and its enforcement." Lloyd's, 131 N.J. at 467, (*citing* Onderdonk, 85 N.J. at 171; Bak–A–Lum, 69 N.J. at 123; Palisades Properties, 44 N.J. at 130. Thus, bad faith is a recognized cause of action. However, in New Jersey, the relationship between insurance companies and insureds is defined by a broad range of statutory provisions. Lloyd's, 131 N.J. at 467. And, that regulatory framework does not create a private cause of action. Id. Instead, these statutes apply "to wrongs to the public rather than any individual." Cohen v. UnumProvident Corp., No. CIV.A. 03-736, 2005 WL 1490483, at *6 (D.N.J. June 21, 2005). That this is so is apparent from the plain language of the statute, which places violations in the context of a general business practice by an insurer, not in the context of individual wrongs. Specifically, the statute defines myriad practices as constituting unfair claim settlement practices when "[c]ommit[ed] or perform[ed] with such frequency as to indicate a general business practice." N.J.S.A. § 17B:30-13.1. Plaintiff has not in the Complaint and does not in the Amended Complaint propose alleging that Defendants have committed unfair practices "with such frequency as to indicate a general business practice." Rather, Plaintiff alleges only the practices or acts that he contends constitute bad faith in the individual case of Dr. Bell. Thus, the statute is inapplicable to this cause of action. Also, because the Amended Complaint's paragraph 90 evocation of the statute means it states a claim for which relief can not be granted, the proposed paragraph 90 would be futile as defined by Shane v. Fauver.

Even assuming the proposed paragraph 90 would not be futile, the Motion still would constitute "undue delay on the part of the party seeking to amend." Great Western, 615 F.3d at 174 (quoting Foman, 371 U.S. at 182). The statute to which Plaintiff seeks to tie new factual allegations was enacted well before the Complaint was filed in October 2016. Thus, Plaintiff had ample time and notice to include such claims in the original Complaint.

### IV. CONCLUSION AND ORDER

Having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78 and for the reasons set forth above,

**IT IS** on this of 23rd day of October 2018,

**ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 14] is **DENIED.**

s/ Douglas E. Arpert

DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE